UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 24-CR-00179(1) (JMB/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Dillon Alvan Reyna, | |
| Defendant. | |

---

David Green, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Wyatt Arneson, Arneson Law Office, Minneapolis, MN, for Defendant Dillon Alvan Reyna.

---

This matter is before the Court on the United States of America's (the Government's) motion to preclude Defendant Dillon Alvan Reyna from raising a mistake-of-age defense. (Doc. No. 31.) Defendant opposes the motion. (Doc. No. 35.) For the reasons discussed below, the Court grants the Government's motion.

The Government charged Reyna with one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) and 2251(e), alleging that Reyna created a visual depiction of the minor victim. (Doc. No. 1.) The Government argues that the Court should preclude Reyna from making a mistake-of-age defense. (Doc. No. 31 at 1.) Reyna counters that the Court should follow *United States v. U.S. District Court*, 858 F.2d 534 (9th Cir. 1988) and permit him to present a mistake-of-age defense. (Doc. No. 35.)

1

Section 2251 contains no scienter requirement regarding a victim's age and thus "mistake of age is not a defense to charges of producing child pornography in violation of § 2251(a)." *United States v. Nosley*, 62 F.4th 1120, 1129 (8th Cir. 2023); *see also* Model Crim. Jury Instr. 8th Cir. 6.18.2251(A) (2024) ("The [government] is not required to prove that the defendant knew that [minor victim] was under the age of eighteen.").

Defendant is correct that the Ninth Circuit Court of Appeals interpreted the First Amendment to permit a defendant to present a reasonable mistake-of-age defense in section 2251 cases. *See U.S. Dist. Court.*, 858 F.2d at 542. The Eighth Circuit Court of Appeals, however, has explicitly held the opposite: "the First Amendment does not require a reasonable-mistake-of-age defense to charges of producing child pornography in violation of section 2251(a)" even though "[o]ther circuits have split as to whether the First Amendment requires reading a reasonable-mistake-of-age defense into [§ 2251]." *United States v. Thurber*, 106 F.4th 814, 832 (8th Cir. 2024) (quotation omitted). Moreover, the Eighth Circuit has also held that precluding a reasonable mistake-of-age defense does not violate a defendant's due process rights. *United States v. McCloud*, 590 F.3d 560, 568 (8th Cir. 2009). The Court is bound to follow *Nosley* and *Thurber*.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Government's Motion (Doc. No. 31) is GRANTED.

Dated:  October 1, 2024                              /s/ Jeffrey M. Bryan
                                                     Judge Jeffrey M. Bryan
                                                     United States District Court